IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                              PLAINTIFF/RESPONDENT

V.                            No.  2:07-CR-20005-RTD
                              No.  2:11-CV-02084-RTD

STACY LADON BROWN                                                      DEFENDANT/PETITIONER

### REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *See ECF No.* 61 filed May 9, 2011, under 28 U.S.C. Section 2255.  The Government filed its Response, *See ECF No.* 63 on May 31, 2011, and the Petitioner filed his Reply, *See ECF No.67* on July 1, 2011.

### I. Background

On April 2, 2008, Stacy Ladon Brown ("Brown") pled guilty to Possession with Intent to Distribute more than 50 grams of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii). (Doc. 14 & 15). On April 18, 2008, Brown filed a pro se motion to withdraw his plea of guilty. (Doc. 16). The District Court ordered Brown's motion to withdraw his plea of guilty to be held in abeyance and considered at the sentencing hearing. (Doc. 17).

The United States Probation Office prepared its initial Presentence Investigation Report ("PSR") on June 17, 2008. According to the Guideline Provisions, Brown's total offense level was 34 with a criminal history category of six which called for a guideline range for imprisonment of 262 to 327 months. (PSR, ¶¶ 50 & 51). Neither the United States nor Brown's

-1-

counsel offered objections. However, Brown offered 11 pro se objections to the PSR on July 7, 2008. Among his objections, Brown objected to paragraphs 25 and 26 of the PSR stating his Oklahoma conviction in case CRF 92-141 had been combined with his convictions in cases CRF 213-93 and CRF 214-93 which should have been considered as a single prior conviction. (Add. to PSR, Obj. 1). The Probation Office disagreed responding that the sentences were separate cases, ordered on different dates under different docket numbers, which were ordered to run concurrent with each other and that no changes would be made to the career offender status under paragraph one of the PSR. (Add. to PSR, Obj. 1).

Brown's sentencing hearing was conducted on August 19, 2008. (Doc. 26). During the sentencing hearing, Brown withdrew his motion to withdraw his plea of guilty. (Sent. Tr., pp. 3-4). The District Court considered and overruled Brown's Objection 1 to his PSR finding the convictions at issue to be three separate offenses which were ordered to run concurrently. (Sent. Tr., pp. 9 -17).  Additionally, the District Court considered the United States 5K motion which recommended reducing Brown's sentence by four levels. (Sent. Tr., pp. 18 - 22). The District Court granted the 5K motion and reduced Brown's sentence by six levels. (Sent. Tr., pg. 22). The District Court then sentenced Brown to 155 months imprisonment, 5 years supervised release, a $3,000 fine, and $100 special assessment. (Sent. Tr., pg. 28; Doc. 27).

On August 26, 2008, Brown filed a notice of appeal. (Doc. 28). On January 9, 2009, Brown's counsel filed an Anders brief and on February 3, 2009, Brown filed a pro se letter brief. In his pro se brief, Brown argued the District Court erred in sentencing him as a career offender under the Guidelines, that he received ineffective assistance of counsel, and counsel coerced his guilty plea. United States v. Brown, 358 Fed.Appx. 760 (8th Cir.2009) (unpublished). The Eighth

Circuit filed its judgment on December 30, 2009, affirming the District Court's decision. Id. The court found that the District Court "did not abuse its discretion in sentencing Brown to 155 months in prison." Id. The Court also found that the District Court properly determined that Brown was a career offender under the Sentencing Guidelines. Id. Brown then petitioned the Eighth Circuit for a rehearing which was denied by the Court on February 11, 2010.

Brown filed a motion to correct clerical error on February 14, 2011. (Doc. 59). The United States filed its response in opposition on February 24, 2011. (Doc. 60). On May 9, 2011, Brown filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 61).  The Petitioner contends that his trail attorney was ineffective because he (1) coerced him to plea and  (2) failed to show he was not a career criminal.  He further contends that his appellate counsel was ineffective (3) for failure to raise the issue on appeal of the district court's inadequate inquiry into a conflict of interest claim and (4) failed to argue that the district court failed to state its reasons for sentencing.

## II.  Discussion

### A.  Ineffective Assistance of Counsel:

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).  2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth

Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*,

179 F.3d 616, 620 (8th Cir.1999).

### 1. Coerced Plea:

Under his first ground for relief, Brown alleges he received ineffective assistance of counsel because his trial counsel failed to move for withdrawal of his guilty plea. In his supporting facts, Brown claims his trial counsel was obligated to move to withdraw his guilty plea after he had sent a letter to the District Judge requesting to withdraw his plea because "counsel essentially coreced [sic] him into pleading guilty." The Petitioner must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

After entering into a Plea Agreement, Brown stood before the District Court on April 2, 2008, for a change of plea hearing where he informed The District Judge that no one made any promises or assurances to him or forced him to plead guilty and that he was pleading guilty on his own free will. (ECF No. 47 (Change of Plea Tr.), pp. 5 - 6).  "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." *U.S. v. Morrison*, 967 F. 2d 264 (quoting *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir.1971)). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged  committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.' " *Id.* (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir.1971)).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.' " *Voytik v. United*

*States*, 778 F.2d 1306, 1308 (8th Cir.1985) (citations omitted).

On April 18, 2008, Brown filed a letter requesting the District Judge allow him to "temporarily" withdraw his guilty plea. (ECF No. 16, p. 2). The District Court regarded Brown's letter as a pro se Motion to Withdraw Guilty Plea. The District Judge issued an Order in which he held Brown's pro se motion in abeyance until Brown's sentencing hearing and directed Brown's trial counsel to provide a copy of the Order to him. (ECF No. 17). At sentencing, the District Judge addressed Brown's request to withdraw his guilty plea. (ECF No. 38 (Sent. Tr.), pp. 3 - 4).  Upon questioning, Brown informed the District Judge that he was withdrawing the motion. (Id., p. 4).  In his Reply the Petitioner stated that even though he responded to the District Judge that he wanted to withdraw the motion that he continued to feel pressured and overwhelmed. (ECF No. 67, p. 8).  An attorney cannot be ineffective for failing to file a motion which was in fact filed and considered by the court.

The Petitioner recites no facts to support his subsequent claim and his assertions are wholly conclusory.  A section 2255 petition can be dismissed without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory. *Evans v. U.S.* 200 F.3d 549, 551 (C.A.8 (Iowa),2000); See also *U.S. v. Borrero*,  2009 WL 2005221, 3 (D.Minn.) (D.Minn.,2009).

**2.  Career Criminal:**

Under his second ground for relief, Brown maintains that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment when his trial counsel failed to challenge the application of § 4B1.1 at sentencing.

During Brown's sentencing hearing, the District Court heard Brown's first objection to the PSR dealing with paragraphs 25 and 26. (Sent. Tr., pp. 9 -17). Brown contended his convictions under those paragraphs were consolidated by the Oklahoma state court and should have been counted as one offense. (Sent. Tr., pp. 9 -10). The United States introduced three exhibits consisting of the Judgment and Commitment order and Information filed in the District Court in Muskogee, Oklahoma, which related to the convictions reflected in paragraphs 25 and 26. (ECF No. 36 (Sent. Tr.), pp. 12 - 13). Stan Hall testified that they were convictions in CRF92-141, CRF213-93, and CRF 204-93.  Mr. Hall testified that the convictions represented separate offenses and separate judgments and that the sentences were run concurrently. (Id., p. 14)

Brown offered a newspaper article, which the District Court admitted as Defendant Browns's Exhibit No. 1, to support his contention that the cases were consolidated into one. (Sent. Tr., pp. 15 - 16). The District Court then determined from the United States exhibits and Brown's exhibit that the convictions contained in paragraphs 25 and 26 were from separate offenses with the judgments from each running concurrently. (Sent. Tr., pp. 16 - 17).  This argument was made by the Defendant to the Eighth Circuit Court of Appeals and rejected. (ECF No. 55-2). The Defendant concedes in his Reply that his initial argument was in error and without merit but contends now that the convictions should not have been consolidated for the purposes of computing his criminal history because he was sentenced on all of the offenses on the same day. (ECF No. 67, p. 10).

The court first notes that this new argument would be barred because it was not raised in the appeal.  A § 2255 is "intended to afford federal prisoners a remedy identical in scope to

federal habeas corpus" (See *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)) but it is not a substitute for direct appeal. (See *U.S. v. Wilson*, 997 F.2d 429, 431 (C.A.8 (Ark.),1993)). Nonconstitutional and nonjurisdictional claims are generally procedurally foreclosed to a section 2255 petitioner if not raised on direct appeal. *Brennan v. U.S.*, 867 F.2d 111 at 120; *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988). A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992); see *Davis v. United States*, 417 U.S. 333, 345 & n. 15 (1974) (federal prisoner cannot assert on collateral attack a nonconstitutional claim that was not raised on direct appeal); *U.S. v. Capua*, 656 F.2d 1033 at 1037 (1981), *Anderson v. U.S.* 25 F.3d 704, 706 (C.A.8 (N.D.),1994).

Notwithstanding the fact that the Defendant's claim is barred it is without substantive merit. Mr. Hall testified that the three cases in question had separate arrest dates. (ECF 36, p. 14, l. 12). The U.S.S.G. provides that prior "sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2).

**3. Failure to appeal the alleged lack of District Court inquiry into conflict:**

The Defendant contends that his appellate counsel was ineffective by not addressing the adequacy of the District Court's inquiry into the alleged conflict between the Plaintiff and his trial counsel.

To establish ineffective assistance of appellate counsel, Brown must show appellate counsel's performance was deficient, and prejudice from that deficiency. *Strickland*, 466 U.S. at

687-88; *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005).

On appeal, appellate counsel is expected to winnow the issues and highlight those issues that are most likely to prevail. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal."); *Gee v. Groose*, 110 F.3d 1346 (8th Cir.1997) ("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success."); *Otey v. Grammar*, 859 F.2d 575 (8th Cir.1987) ("This process of 'winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'"). "It is the obligation of any lawyer - whether privately retained or publicly appointed - not to clog the courts with frivolous . . . appeals." *Polk County v. Dodson*, 454 U.S. 312, 323 (1981); *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir.1996) ("To perform competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal."). Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir.1998) (quotation omitted).

In this case the Defendant's attorney felt that he had no issues to raise on appeal and he filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The Defendant, however, raised numerous pro se issues with the Eighth Circuit Court of Appeals but did not contend that the District Court erred in failing to investigate any alleged conflict. (ECF No. 55-2).

When a defendant raises a seemingly substantial complaint about counsel, the judge "has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction." *Hart*,

...

557 F.2d at 163; see also *Hudson v. Rushen*, 686 F.2d 826, 829 (9th Cir.1982), cert. denied, 461 U.S. 916, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983); Schwarzer, Dealing with Incompetent Counsel—The Trial Judge's Role, 93 Harv.L.Rev. 633, 652 (1980); cf. *Wood v. Georgia*, 450 U.S. 261, 272, 101 S.Ct. 1097, 1104, 67 L.Ed.2d 220 (1981) (holding that mere possibility of a conflict of interest triggers duty to inquire). The trial court must make the kind of inquiry that might ease the defendant's dissatisfaction, distrust, or concern. *Hudson*, 686 F.2d at 829. That inquiry should be on the record. *Smith v. Lockhart* 923 F.2d 1314, 1320 (C.A.8 (Ark.),1991)

  A criminal defendant who is dissatisfied with appointed counsel must show good cause to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant. *Wilson v. Mintzes,* 761 F.2d 275, 280 (6th Cir.1985); *McKee v. Harris*, 649 F.2d 927, 931 (2d Cir.1981), cert. denied, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982); *United States v. Hart*, 557 F.2d 162, 163 (8th Cir.) (per curiam), cert. denied, 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977). Once good cause is shown, the trial judge must appoint different counsel. Id.; United States v. Calabro, 467 F.2d 973, 986 (2d Cir.1972), cert. denied, 410 U.S. 926, 93 S.Ct. 1386, 35 L.Ed.2d 587 (1973); see also Holloway v. Arkansas, 435 U.S. 475, 488–91, 98 S.Ct. 1173, 1180–82, 55 L.Ed.2d 426 (1978).

  The Defendant executed a Voluntary Plea Agreement on April 2, 2011. (ECF No. 15). At the plea hearing on the same day the Plaintiff voiced no objections concerning his retained attorney and acknowledged he had discussed the case with his attorney and that he and his attorney had also discussed the mandatory sentencing provision. (ECF No. 47, p. 6). On April 18, 2011 the Defendant filed a Motion to "temporarily withdraw his guilty plea" and stated that

he had entered he plea because he was scared and had not been able to communicate with his attorney since entering his plea. (ECF No. 16).

At sentencing, when responding to the District Judge's inquiry if he was still insisting on withdrawing his guilty plea, Brown stated, "No, sir. It's just that I tried to go through my attorney Rex to get certain things done and the thing that I asked him to do he didn't do." (ECF No. 38 (Sent. Tr.), pg. 4). Additionally at sentencing during the District Court's inquiry into Brown's objections to his PSR, Brown stated, "I didn't have no understanding of the PSR. When I spoke with my attorney about it, he just kind of shoved it to me and left and there was nothing else. I tried getting in touch with him again. I wrote him letters trying . . ." (Id. (Sent. Tr.), pg. 9).

Brown's written statements made in his request to withdraw his plea and his statements during the sentencing hearing were not sufficient to bring any justifiable dissatisfaction to the attention of the District Court, thus triggering the court's affirmative duty to inquire. At no point did Brown allege a conflict of interest, irreconcilable differences or a complete breakdown of communication with his counsel. Nor did Brown make any attempt to notify the District Court that he wished to discharge counsel or request to substitute appointed counsel for his retained counsel. Since the District Court was not put on notice that Brown was justifiably dissatisfied with his trial counsel, the district court had no duty to inquire. *See Cheek v. United States*, 858 F.2d 1330, 1334 & n. 5 (8th Cir.1988) (the defendant failed to put the trial court on notice that he was dissatisfied with his attorney and therefore was not denied his Sixth Amendment right to retain counsel of his choice).

There was no merit to the Defendant's claim of District Court error for failure to inquire concerning a conflict of interest between the Defendant and his retained counsel. It cannot be

ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990)

### 4. Failure to Raise Sentencing Explanation on Appeal:

The crux of Brown's fourth ground for relief is his appellate counsel was ineffective for failing to argue that the District Court failed to state its reasons for imposing sentence as required by 18 U.S.C. § 3553(a) and Booker. Contrary to Brown's contention, however, there is no requirement that the District Court recite every section 3553(a) factor, *United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir.), cert. denied, --- U.S. ----, 129 S.Ct. 2452, 174 L.Ed.2d 242 (2009), and the defendant's PSR, arguments by the parties, and other evidence at the sentencing hearing all provide the court with enough information on which to base a sentencing decision. *See United States v. Struzik*, 572 F.3d 484, 487 (8th Cir.2009).

The District Judge informed Brown of the advisory nature of the guidelines: the sentencing factors to be considered within 18 USC 3523(a) (ECF No. 38, p. 23) and heard argument from Brown's trial counsel, the United States, and Brown himself regarding what each deemed to be an appropriate sentence. (Id. (Sent. Tr.), pp. 24 - 28). Furthermore, the District Judge stated that he had reviewed Brown's "file in some detail," "reviewed the pre-sentence Investigation Report, the Addendum, all of [his] objections," and that he knew "a lot about [him] and what "[he'd] done." (Id. (Sent. Tr.), pg. 28). These comments show the District Judge considered the seriousness of the offense, Brown's history, and the need for deterrence and protection of the public, all of which are encompassed within § 3553(a).

In considering whether the sentencing court fully considered the § 3553(a) factors and adequately explained a specific sentence, the Eighth Circuit would look to the entire sentencing

record, not merely the sentencing court's statements at the hearings. *United States v. Gray*, 533 F.3d 942, 944 (8th Cir.2008). In this case the Defendant was a career offender, and after adjustments for cooperation and for acceptance of responsibility, with an offense level of 28 and a criminal history of six. The Defendant's sentencing range was 140-175 months. (ECF No. 38, pp. 23-24).

Brown has failed to show appellate counsel was deficient or that he was prejudiced by appellate counsel's failure to argue the District Court inadequately stated its reasons for imposing sentence, indeed, in affirming the District Court, the Eighth Circuit concluded the District Court did not abuse its discretion in sentencing Brown to 155 months imprisonment. (ECF No. 55-2).

There was no merit to the Defendant's claim that District Court failed to consider all of the sentencing factors in 18 U.S.C. § 3553(a) and his attorney was not ineffective for failing to raise the issue on appeal. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990)

**B. Evidentiary Hearing:**

Finally, Defendant does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). "There is no requirement of a hearing where the claim

[s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988). Sidebottom v. Delo  46 F.3d 744, 751 (C.A.8 (Mo.),1995). The court finds that the record of the case does establish conclusively that the Petitioner is not entitled to an Evidentiary Hearing.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of July 2011

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE